ANN LYONS *vs.* JOHN LYONS *et al.*

PROVIDENCE—DECEMBER 16, 1903.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1) *Equity. Reformation of Deed. Trusts.*

Bill in equity set out that certain property was sold, under a mortgage given by complainant and her husband, to the husband, when she supposed that the deed would be to herself and her husband jointly, and sought to reform the deed:—

*Held*, that the bill failed to show a case of mutual mistake, but on the contrary expressly charged that the husband willfully caused the deed to be made to himself.

*Held*, further, that the bill could not be sustained as one to reform the deed, but, in so far as it set forth facts charging the husband, a cotenant and purchaser at a sale caused by his own default, as a trustee under the deed, it would, to this extent, be sustained.

BILL IN EQUITY on facts set forth in opinion. Heard on demurrer to bill.

PER CURIAM. Property having been sold, under a mortgage given by the complainant and her husband, now deceased, to the husband, when she supposed the deed would be to herself and her husband jointly, she brings this bill to reform the deed. The respondents demur to the bill.

In *Fehlberg* v. *Cosine*, 16 R. I. 162, the court held that, to entitle a party to a decree to reform a written instrument, it must appear that there has been a mutual mistake in its execution.

(1) The bill does not show that there was a mutual mistake. It recites facts from which it might appear that the deed should have been made to both, but nothing to show that it was so intended, either by the mortgagee or the grantee. On the contrary, it expressly charges that the husband willfully caused said deed to be made to himself. It is therefore clear that there was no mutual mistake so far as he was concerned.

Whatever equitable remedy the complainant may have, it cannot be to reform the deed.

The demurrer is sustained to so much of the bill as seeks to reform the deed.

The bill, however, sets out facts which appear to charge the husband, a cotenant and purchaser at a sale caused by his own default, as a trustee under the deed, and to this extent the demurrer is overruled.

*Doran & Flanagan*, for complainant.

*Cooke & Angell, John W. Hogan and Philip S. Knauer*, for respondents.